May 21, 1979

## 79-33   MEMORANDUM OPINION FOR THE CHAIRMAN, BOARD OF CONTRACT APPEALS, GENERAL SERVICES ADMINISTRATION

### Contract Disputes Act (41 U.S.C. § 601)— Effective Date of Act

This responds to your request for our opinion regarding the effective date of the Contract Disputes Act of 1978, Pub. L. No. 95–563, 41 U.S.C. § 601 *et seq.* Based on the language of the Act, its structure and legislative history, we conclude that the effective date is March 1, 1979.

Section 16 of the Act, 41 U.S.C. § 601 note, provides:

> This Act shall apply to contracts entered into one hundred twenty days after the date of enactment. Notwithstanding any provision in a contract made before the effective date of this Act, the contractor may elect to proceed under this Act with respect to any claim pending then before the contracting officer or initiated thereafter.

Since the section is entitled "Effective Date of the Act" and states that it applies to contracts entered into "one hundred twenty days after the date of enactment," it is clear that the effective date is distinct from the date of enactment—November 1, 1978.

This is supported by the structure and legislative history of the statute.[1] The Contract Disputes Act was enacted to bring order and uniformity to the disparate dispute resolution procedures that had developed in Government agencies. *See* S. Rept. 1118, 95th Cong., 2d sess. 2–4 (1978). An effective date 4 months after the date of enactment provides time to alter existing procedures and to issue the regulations required by the Act. As stated in the Senate report: "Section 16 provides that the effective date of

---

[1] The Supreme Court has made clear that analysis of legislative history is proper for clarification of congressional intent even where the language of the statute appears unambiguous. *Train* v. *Colorado Pub. Int. Research Group,* 426 U.S. 1, 9–10 (1976).

the act will be 120 days after the date of enactment. *It is expected that the 120 days will be sufficient to manage the changeover from the current board system to the system of consolidation as proposed in this act.''* S. Rept., *supra*, at 35 (emphasis added).

The importance and purpose of the 120-day period is made clear in § 8 of the Act, providing for the continued existence or establishment of an agency board. As introduced, the bill provided that a contract appeals board could be established in an executive agency if the head of the agency and the Administrator for Federal Procurement Policy agreed that the volume of contract claims justified a five-member board. The Senate Governmental Affairs and Judiciary Committees added the requirement that a workload study be performed to justify establishment of a board. The committees also added a subsection 8(i), which required consolidation of smaller existing boards and the preparation of workload studies by larger boards within 120 days from the date of enactment. The Senate Report explained that this subsection was added

> to insure that specific actions will be taken *prior to the effective date of the act* by the agency heads for consolidation of boards that do not meet the requirements as identified in section 8(a). Also, workload studies justifying the existence of boards pursuant to the provisions in section 8(a) will need to be carried out during this same period. [S. Rept., *supra*, at 10 (emphasis added).]

Subsection 8(i) was amended on the floor of the Senate. 124 CONG. REC. S. 18640–41 (daily ed., Oct. 12, 1978). As enacted, it provides:

> Within one hundred and twenty days from [the date of enactment of this Act], all agency boards, except that of the Tennessee Valley Authority, of three or more full time members shall develop workload studies for approval by the agency head as specified in section 8(a)(1). [41 U.S.C. § 607(i).]

The clear purpose of the 120-day period, which was retained from the Senate committees' draft, is to provide sufficient time to carry out workload studies justifying the establishment or continued existence of appeals boards. That 120-day provision appears to have been carefully chosen to coincide with the 120 days provided in § 16 establishing the effective date of the Act.

In sum, it is plain that the effective date of the Contract Disputes Act of 1978 is March 1, 1979. This general conclusion permits us to answer the specific questions you have subsequently posed regarding (1) appointment of members of agency boards (§ 8(b)(1)), (2) use of subpoena power (§ 11), and (3) applicability of the Act to cases filed before and after March 1, 1979.

Section 8(b)(1) provides: "Full-time members of agency boards serving as such on the effective date of this Act shall be considered qualified [to be appointed to agency boards.]" Thus, any person who was a full-time agency board member on March 1, 1979 is qualified for appointment to boards established under the Act.

213

Although the effective date of the Act is March 1, 1979, that date does not automatically determine the legality of the exercise of authorities under the Act for two reasons. First, the effective date of the Act is keyed to the date of the contract: the section establishing the effective date provides that the Act *"shall apply to contracts entered into* one hundred twenty days after the date of enactment'' (emphasis added). This language is distinct from typical effective-date language such as, "this Act shall take effect 120 days from enactment." Second, a contractor may elect to proceed under the Act on a claim arising out of a contract entered into before the effective date of the Act if the claim was pending before a contracting officer on or after the effective date.[2] We thus can foresee four permutations regarding the effective date and the applicability of the Act.

(A) *Contract date, pendency of claim before contracting officer and filing of case before appeal board all before March 1, 1979.* The Act does not apply because the contract was entered into prior to the effective date; the contractor may not elect to proceed under the Act because the claim was not pending before the contracting officer on or after the effective date.

(B) *Contract date and pendency of claim before contracting officer before March 1, 1979; case filed with appeal board on March 1, 1979.* Same answer as (A).

(C) *Contract date before March 1, 1979; pendency of claim before contracting officer on or after March 1, 1979 and case filed with appeal board after March 1, 1979.* The Act does not apply unless the contractor elects to proceed under it.

(D) *Contract date after March 1, 1979.* The Act applies.

Thus, the Act would not apply to any case filed with an appeal board before or on March 1, 1979, and would also not apply to some cases filed with an appeal board after March 1, 1979. Accordingly, the powers established under § 11 of the Act could not be exercised by an appeal board prior to March 1, 1979. They may be exercised after March 1, 1979 (1) in cases based on contracts entered into after March 1, 1979, or (2) in cases pending before a contracting officer on or after March 1, 1979, where the contractor so elects. The contractor may not elect the Act if his claim was before an appeal board before or on the effective date.[3]

LARRY A. HAMMOND
*Deputy Assistant Attorney General*
*Office of Legal Counsel*

---

[2] *See;* § 16, quoted *supra.*

[3] *Cf.* S. Rept., *supra,* at 35: "It is not intended that upon the effective date of this act, a claim currently before an agency board can be switched to a court under this act's provisions."